

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD–1458–09

---

**TAWIN SPENCE, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SEVENTH COURT OF APPEALS LUBBOCK COUNTY

---

**MEYERS, J., filed a dissenting opinion in which HERVEY, J., joined.**

### DISSENTING OPINION

Texas Transportation Code Section 502.404(a) says:

A person commits an offense if the person operates on a public highway during a registration period a passenger car or commercial motor vehicle that does not display two license plates, at the front and rear of the vehicle, that have been:

    (1) assigned by the department for the period; or
    (2) validated by a registration insignia issued by the department that establishes that the vehicle is registered for the period.

The only thing about this statute that is clear is that it is not well written.

The court of appeals in this case held that "one complies with § 502.404 of the Transportation Code when the license is affixed somewhere in the foremost or beginning area of the car." *Spence v. State*, 296 S.W.3d 315, 318 (Tex. App.–Amarillo 2009). The majority agrees and concludes that "the plain language of Texas Transportation Code § 502.404(a) requires that a license plate be displayed at the foremost part or front of a vehicle, most commonly the front bumper." The majority's definition, however, is inconsistent with the placement of the rear license plate, which is usually on the trunk or tailgate. Therefore, if the majority is correct that front means "foremost part" or "front bumper," then there is a discrepancy in the statute with how the front and back plates are displayed since rear licence plates are not displayed on the back bumper. So front means "front bumper" but rear does not mean "rear bumper"? I prefer to believe that if the legislature meant front bumper then it would have said "bumper" in the statute. I would also like to point out that a vehicle must have a light to illuminate the rear license plate, while there is no requirement that the front license plate be illuminated. *Compare* TEX. TRANSP. CODE §547.322(f) (stating, "A taillamp or a separate lamp shall be constructed and mounted to emit a white light that: (1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear.") *with* TEX. TRANSP. CODE §547.321. To me, this indicates more leeway in the placement of the front license plate.

I agree with *State v. Lasoya* that, "While a place to display the license plate is

usually found on the front bumper, the statute does not expressly require the use of this location. The display of the plate in some other place or manner is not inconsistent with the language or purpose of the statute." 128 S.W.3d 413, 416 (Tex. App.–Austin 2004, pet. ref'd).

The court of appeals asserts that placing the license plate in the front windshield makes it "much harder" for police "to focus on several areas (as opposed to one) when a car drives past at traveling speeds." *Spence*, 296 S.W.3d at 318. But officers must look at the front windshield anyway to see if the license plates that are displayed have a valid registration.[1] I realize that the officer in this case testified that an alternative reason he pulled Appellant over was that when the car was parked in the driveway it was blocking the sidewalk. But this was just a parking violation, which goes to the car, not to the driver. If the officer so desired, he could have written a parking ticket and placed it under the windshield wiper of the illegally parked car, at which time he would have clearly seen the license plate displayed in the front windshield.

**CONCLUSION**

Using the majority's logic, the rear of the vehicle would be the back bumper. But

---

[1]Registration stickers used to be displayed on the license plate but are now displayed inside the front windshield. Section 502.180(d) says, "Except as provided by Subsection (h), the registration insignia for validation of a license plate shall be attached to the inside of the vehicle's windshield, if the vehicle has a windshield, within six inches of the place where the motor vehicle inspection sticker is required to be placed. If the vehicle does not have a windshield, the owner, when applying for registration or renewal of registration, shall notify the department, and the department shall issue a distinctive device for attachment to the rear license plate of the vehicle."

as we all know, 90% of all vehicles do not display the license plate on the back bumper, they are usually on the tailgate or trunk.  I would construe front and rear to mean any surface facing that direction.  Therefore, I respectfully dissent.

Meyers, J.

Filed: September 15, 2010

Publish